WASHINGTON COURTE CONDOMINIUM ASSOCIATION—FOUR, Plaintiff-Appellee, v. BRUCE ADREANI, Defendants-Appellants.—WASHINGTON COURTE CONDOMINIUM ASSOCIATION—FOUR, Plaintiff-Appellee, v. WASHINGTON-GOLF CORPORATION, Defendant-Appellant.

First District (2nd Division)   No. 87—0494

Opinion filed May 10, 1988.

Alan D. Pearlman, of Schain, Firsel, Brown & Burney, Ltd., of Chicago, for appellants.

Edward J. Underhill, of Masuda, Funai, Eifert & Mitchell, Ltd., of Chicago, for appellee.

JUSTICE BILANDIC delivered the opinion of the court:

In the companion case of *Washington Courte Condominium Association—Four v. Cosmopolitan National Bank* (1988), 169 Ill. App. 3d

1059, our opinion substantially disposes of the issues presented in this case. The same Association, consisting of 44 unit owners, is the plaintiff in both cases.

In the companion case, six unit owners are the defendants. The substantial difference between the two defendant unit owners in this case and the six defendant unit owners in the companion case is that the two defendant unit owners in this case are also the developers of the building and, in effect, defendants in the developer litigation. As such, they obviously do not want to pay special assessments to the Association that would support litigation against them and possibly result in substantial liability to them as developers.

The other distinction is that the companion case was a jury trial. This case was a bench trial. Both cases resulted in a judgment for the plaintiff and against the defendants for possession, past-due assessments, and attorney fees and costs.

## I

■ Defendants' first assignment of error in this case is that the trial court did not permit them to introduce evidence challenging the validity of the special assessment. This argument is not supported by the record. The trial court gave defendants every opportunity to present their defenses. Plaintiff's objections did not preclude defendants from presenting any defense on the grounds that the defense was not germane to the issues. The court did not sustain any objections on the ground that the questions asked were not germane to the issues. The only limitations placed on defendants were evidentiary limitations imposed on litigants at any trial, such as proper phrasing of questions, inquiry into a witness's state of mind, and relevancy.

## II

■ Defendants were present at the June 17, 1985, unit owners' meeting when the special assessment was adopted by a vote of more than two-thirds of the unit owners. Defendants voted against the assessment. The record does not reveal that defendants objected to the notice of the special meeting of June 17, 1985, or the manner in which the meeting was conducted and the assessment adopted. Defendants failed to establish any defense that would have rendered the special assessment void *ab initio*.

The maintenance of litigation to recover damages from the developers for alleged serious construction defects is the type of "non-recurring common expense" which is properly the subject of a special

assessment. Ill. Rev. Stat. 1985, ch. 30, par. 309(d).

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

STAMOS* and SCARIANO, JJ., concur.

---

*Justice Stamos participated in the decision of this case prior to taking office as a supreme court judge.