169 Ill. App.3d 1059 (1988)
523 N.E.2d 1245
WASHINGTON COURTE CONDOMINIUM ASSOCIATION  FOUR, Plaintiff-Appellee,
v.
COSMOPOLITAN NATIONAL BANK et al., Defendants-Appellants.
No. 87-1083.
Illinois Appellate Court  First District (2nd Division).
Opinion filed May 10, 1988.
Rehearing denied June 14, 1988.
Rudd & Associates, of Schaumburg, for appellants.
Scott B. Greene, of Deutsch, Levy & Engel, Chartered, of Chicago, for appellee.
Judgment affirmed.
JUSTICE BILANDIC delivered the opinion of the court:
Defendants are the owners of 6 of the 44 units which are part of plaintiff, Washington Courte Condominium Association  Four (hereinafter plaintiff or Association). A special assessment was adopted by a two-thirds vote of the members of the Association. Defendants paid *1060 the special assessment installments for about six months. Thereafter, they refused to pay any further installments. Pursuant to section 9-102(a)(7) of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 9-102(a)7), the plaintiff Association sued for possession of the units, delinquent installments and attorney fees. After a jury trial, judgment was entered in favor of plaintiff and against the six defendant unit owners for possession, delinquent installments and attorney fees. Defendants filed this timely appeal.
Defendants contend that the subject matter of the special assessment should have been included in the annual budget of the Association and not in a special assessment. Therefore, the special assessment is invalid and the judgment for plaintiff must be reversed. We disagree.
The Association was created pursuant to the provisions of the Condominium Property Act for the purpose of facilitating the administration and operation of the property involved in this litigation. (Ill. Rev. Stat. 1985, ch. 30, par. 301 et seq.) Serious construction defects affecting the common elements were discovered. In 1983, the Association retained counsel to institute legal proceedings seeking $1.5 million in damages against the developers (who retained ownership of 2 of the 44 units). This action was authorized by the unit owners and 30 of the 44 unit owners signed the agreement retaining counsel.
As the developer litigation progressed, legal fees and costs were incurred. The board of directors of the Association determined that a special assessment would be necessary to pay the accrued fees and costs and to provide for future fees and costs relating to this developer litigation. The Condominium Property Act provides that "[a]ny non-recurring common expense * * * shall be separately assessed against all unit owners[] * * * subject to approval by the affirmative vote of at least two-thirds of the unit owners voting at a meeting * * * called for the purpose of approving the assessment." (Ill. Rev. Stat. 1985, ch. 30, par. 309(d).) A notice of special meeting of the unit owners to consider the proposed special assessment to support the developer litigation was properly served on all of the unit owners in accordance with the Condominium Property Act and the bylaws of the Association.
A special meeting was held on June 17, 1985, and the special assessment was adopted with the approval of more than two-thirds of the unit owners. One of the defendants voted "No" and the others abstained. Following the meeting, all of the unit owners, including the defendants, paid their respective portions of the approved special assessment. In November 1985, defendants ceased paying their respective *1061 portions of the special assessment because they contended that the fees were too high or that they did not like the lawyer. None of them objected to the notice of the special meeting of June 17, 1985, or the manner in which the meeting was conducted and the assessment adopted. When defendants persisted in their refusal to pay their share of the special assessment, plaintiff Association commenced this action.

I
 1 It is undisputed that any defenses going to the validity and enforceability of the special assessment is germane to the issues. However, defendants failed to establish any such defenses. The maintenance of litigation to recover damages from the developers for alleged serious construction defects is the type of "non-recurring common expense" which is properly the subject matter of a special assessment. (Ill. Rev. Stat. 1985, ch. 30, par. 309(d).) Defendants received proper notice, attended the special meeting where the assessment was adopted, and even paid the assessment for approximately six months.
Defendants' argument that the costs of maintaining the developer litigation should be the subject of the budget adopted each year by the board to cover "anticipated common expenses" is without merit. (Ill. Rev. Stat. 1985, ch. 30, par. 309(c).) Litigation, by its very nature, is unpredictable in duration and cost. A special committee was set up to review all bills before they were submitted for payment. The record does not reveal that defendants ever sought to rescind or repeal the special assessment at any duly constituted meeting, or even attempted to call a meeting for that purpose. Merely because six unit owners suddenly do not like a lawyer or think costs are too high is not a basis for overruling the will of their fellow unit owners who adopted the special assessment by an extraordinary vote of over two-thirds of the unit owners.
Defendants failed to establish that the special assessment was not valid.

II
 2 Defendants also contend that they were denied access to certain books and records. One of the defendants testified that she was able to view the records but certain portions were "whited out." An officer of the Association testified that the records were available to the unit owners but the defendants did not avail themselves of the opportunity. The defendants tendered instructions which were read to *1062 the jury. The instructions stated that Illinois law at that time required that the Association records be made available to the unit owners for examination and copying. The jury was also instructed that in order to return a verdict for the plaintiff, it must determine that the plaintiff complied with all of the provisions of the Illinois Condominium Property Act and the condominium declaration. By its verdict, the jury decided that defendants were not denied access. We have not been provided with any reason to set the verdict aside.
For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.
Affirmed.
STAMOS[*] and SCARIANO, JJ., concur.
NOTES
[*] Justice Stamos participated in the decision of this case prior to taking office as a supreme court judge.